IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CARS R US SALES AND RENTALS, INC. et al., | Case No. 08 C 50270 |
| Plaintiffs, | Magistrate Judge P. Michael Mahoney |
| vs. | |
| FORD MOTOR CO., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

I.  Introduction

Before the court are two motions:  Defendant's motion to join General Casualty Company as a party-plaintiff and Defendant's motion for a protective order regarding a document inadvertently produced by Plaintiffs titled, "Litigation Agreement."  A hearing on the motions occurred on April 29, 2009.  Both parties have fully briefed the motions.

II.  Background

On February 24, 2005, a fire allegedly occurred in the dashboard of a 1997 Ford Escort owned by Linda Farther.  (Comal. ¶ 8, 10.)  At the time of the fire, the car was parked inside a building owned by Plaintiffs.  (*Id*. ¶ 10.)  Plaintiffs allege that the fire occurred because Defendant negligently designed, manufactured, and sold the car.  (*Id*. ¶ 11.)  Plaintiffs brought this diversity action against Defendant on December 12, 2008, alleging that the fire caused

1

damage to Plaintiffs' real, personal, and business property. (*Id*. ¶ 12.)

General Casualty Company ("General Casualty") is an insurer that provided a policy of insurance covering Plaintiffs' property at the time of the fire. (Def.'s Mot. to Join 2.) During discovery, Plaintiffs produced two documents, each titled, "Sworn Statement in Proof of Loss." (*Id*. at Ex. B, C.) Both documents appear to assign subrogation rights to General Casualty regarding claims that Plaintiffs may have against a third party for the losses stated. (*Id*.)

Plaintiffs still retain an interest in at least a deductible that they paid, which makes General Casualty a partial subrogee. Because General Casualty is a partial subrogee to Plaintiffs' claims, Defendant argues that General Casualty is a real party in interest. Defendants Motion to Join seeks to join General Casualty as a real party in interest pursuant to the Federal Rules of Civil Procedure 17(a) and 19(a). (*Id*. at 1.)

Plaintiffs argue that Illinois law governs whether joinder of a partial subrogee is compulsory in a diversity action. (Pls.' Resp. to Mot. to Join 1.) According to Plaintiffs, joinder of a partial subrogee is not required in Illinois. (*Id*. at 2.) Plaintiffs further argue that joinder is not required in this case because General Casualty has agreed to submit an affidavit "approving of, ratifying, and agreeing to submit to and be bound by the judgment of this Court in this case." (*Id*.) Such an affidavit would eliminate any danger that Defendant might be subjected to two judgments. (*Id*. at 7–8.)

Plaintiffs also produced during discovery a document titled, "Litigation Agreement." (Def.'s Mot. for Protective Order Ex. A.) Plaintiffs argue that the document is subject to the attorney-client privilege and the work product doctrine. (Pls.' Resp. to Mot. for Prot. Order 2.) They claim that the disclosure was inadvertent and requested that Defendant return the

2

document. (*Id.*)

Defendant refused to return the Litigation Agreement, and instead filed this Motion for a Protective Order. (*Id.*) Instead of submitting the document to the court for an in camera review, Defendant attached it as an exhibit to its Motion for a Protective Order and filed it in the court file. (*See id.* Ex. A.) This publication of the document violated Federal Rule of Civil Procedure 26(b)(5)(B).[1] Defendant's counsel are experienced litigators and know better than to proceed in this manner. Under appropriate circumstances, the court could disqualify counsel for this type of conduct.

III. Defendant's Motion to Join General Casualty as a Party-Plaintiff

Rule 17(a) provides, "An action must be prosecuted in the name of the real party in interest." *Fed. R. Civ. P.* 17(a)(1). Rule 17(a) is an independent authority for compulsory joinder. *Carpetland, U.S.A. v. J.L. Alder Roofing, Inc.*, 107 F.R.D. 357, 359 (N.D. Ill. 1985). Whether a party is a "real party in interest" in a diversity action is determined by state substantive law. *Id.* at 359. In Illinois, an insurer with subrogation rights to an insured's claim "owns" a claim and is a real party in interest. *Brook Inns, Inc. et al. v. S & R Hi-Fi and TV*, 249

---

[1]Rule 26(b)(5)(B) states the following:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; *must not use or disclose the information until the claim is resolved*; must take reasonable steps to retrieve the information if the party disclosed it before being notified; *and may promptly present the information to the court under seal for a determination of the claim.* The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B) (emphasis added).

Ill. App. 3d 1064, 618 N.E.2d 734, 743 (Ill. App. Ct. 1993); *Blatz et al. v. Rock Falls*, 105 Ill. App. 3d 732, 434 N.E.2d 807, 808 (Ill. App. Ct. 1982); *Warner/Elektra/Atlantic Corp. et al. v. Village of Bensenville, Illinois et al.*, 1989 WL 91773, 1989 U.S. Dist. LEXIS 9504, *5–6 (N.D. Ill. Aug. 3, 1989). If an insured-subrogor retains "a pecuniary interest, even for only a nominal sum over and above the subrogation claim[,]" both the subrogor and the subrogee are real parties in interest. *Brook Inns*, 618 N.E.2d at 742; *Warner*, 1989 U.S. Dist. LEXIS 9504, at *6.

Joinder of a party is a procedural matter decided under federal law. *See Carpetland, U.S.A.*, 107 F.R.D. at 360. If the subrogee is a real party in interest, the Seventh Circuit requires that it be joined upon a timely motion by a defendant. *Wadsworth et al. v. U.S. Postal Service et al.*, 511 F.2d 64, 65–66 (7th Cir. 1975); *Warner*, 1989 U.S. Dist. LEXIS 9504, at *6–7 (holding in a diversity case arising under Illinois law that an insurer-subrogee was a real party in interest and its compulsory joinder was appropriate under *Wadsworth*); *see United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381–82 (1949) (holding that a partial subrogee in a case arising under federal question jurisdiction must be joined because "both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names"); *Sikora v. AFD Indus., Inc. et al.*, 18 F. Supp. 2d 841, 846 (N.D. Ill. 1998).

In this case, General Casualty is a partial subrogee to Plaintiffs' claims. (*See* Def. Mot. to Join Ex. B, C.) As a partial subrogee with the right to pursue a claim, General Casualty is a real party in interest in this case and may be joined under Rule 17(a). Defendant made a timely motion to join General Casualty. The court grants that motion.

IV. Defendant's Motion for a Protective Order Regarding the Document Titled, "Litigation Agreement"

4

Plaintiffs claim that the Litigation Agreement is protected by the attorney-client privilege and the work product doctrine. (Pls.' Resp. to Mot. for Prot. Order 2–3.) In a diversity action, the attorney-client privilege is determined in accordance with state law. *Fed. R. Evid.* 501; *Urban Outfitters, Inc. v. DPIC Companies, Inc.*, 203 F.R.D. 376, 378 (N.D. Ill. 2001). To assert the attorney-client privilege in Illinois, "a claimant must show that (1) the statement originated in confidence that it would not be disclosed; (2) it was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services; and (3) it remained confidential." *Pietro v. Marriot Senior Living Servs., Inc.*, 348 Ill. App. 3d 541, 810 N.E.2d 217, 226 (Ill. App. Ct. 2004). In Illinois, the privilege also extends to communications between an insurer and an insured, "where the insurer is under an obligation to defend the insured." *Id*.

The work product doctrine is determined in accordance with federal law. Under Rule 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Fed. R. Civ. P.* 26(b)(3)(A). These materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Fed. R. Civ. P.* 26(b)(3)(A)(i)–(ii). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Fed. R. Civ. P.* 26(b)(3)(B).

The Litigation Agreement for which Defendant seeks a protective order is not covered by the attorney-client privilege or the insurer-insured privilege. The Litigation Agreement is

"between [General Casualty], [Plaintiffs,] and SmithAmundsen LLC ('Attorneys')." (Def.'s Mot. for Prot. Order Ex. A.) Paragraph one of the Litigation Agreement simply authorizes SmithAmundsen to represent General Casualty and Plaintiffs. (*Id*.) Paragraph three requires Plaintiffs to cooperate with the Attorneys and to assist them in preparation of the trial. (*Id*.) Paragraph five relates to the payment of attorneys' fees and costs in this litigation. (*Id*.) The remainder of the document regards the relationship between General Casualty and Plaintiffs in settlement, and the priorities in the potential distribution of settlement funds. (*Id*.)

Although the Litigation Agreement was executed with assistance from attorneys and purports to represent an agreement entered into by the parties and the parties' attorneys, Plaintiffs admit that nothing in this document constitutes an "explicit attorney-client communication of advice or opinion." (Pls.' Resp. 2.) More accurately, the document memorializes the rights and responsibilities agreed to between General Casualty and Plaintiffs in this litigation. Because the document does not reflect or represent communications made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, it is not protected by the attorney-client privilege.

Although the Litigation Agreement may represent communications between an insurer and an insured, it does not fall under Illinois's insurer-insured privilege. To qualify for the insurer-insured privilege, the situation must be such that an insurer is defending or participating in the defense of an insured. *Pietro*, 810 N.E.2d at 226. That is not the case here.

However, the Litigation Agreement does satisfy the requirements of the work product doctrine under Rule 26(b)(3). The document sets forth the rights and responsibilities of General Casualty and Plaintiffs with regard to each other and this particular litigation. Priorities in

6

settlement are described, which may represent litigation strategy.  The document was prepared in anticipation of this litigation for an insurer and an insured, and is subject to the work product doctrine.

Defendant argues in its brief that the Litigation Agreement contains underlying facts to the dispute, which are discoverable.  *See Jumper v. Yellow Corp.*, 176 F.R.D. 282, 287 (N.D. Ill. 1997).  That is true.  If Defendant issues an appropriate interrogatory, Plaintiffs must respond.  Propounding such discovery would not place an undue burden on Defendant.  Accordingly, Defendant is not entitled to the document for this reason.  This court denies Defendant's Motion for a Protective Order regarding the Litigation Agreement.  Defendant is instructed to return the Litigation Agreement to Plaintiffs by June 24, 2009.

The court has reviewed the document.  The document was not sufficiently sensitive nor was Defendant's counsel's conduct egregious to the extent that disqualification would be required.

V.  Conclusion

For the above reasons, the court grants Defendant's Motion to Join General Casualty as a party-plaintiff under Rule 17(a).  The court denies Defendant's Motion for a Protective Order regarding the Litigation Agreement.  Defendant is instructed to return the Litigation Agreement to Plaintiffs by June 24, 2009.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: June 18, 2009