www.cnn.com**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| **CARS R US SALES AND RENTALS, INC. et al.,** | Case No. 08 C 50270 |
| Plaintiffs, | Magistrate Judge |
| vs. | P. Michael Mahoney |
| **FORD MOTOR CO.,** | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

I.  Introduction

Before the court are Plaintiffs' motion for relief under Federal Rule of Civil Procedure 56(f) ("Pls.' Rule 56(f) Mot.") and Plaintiffs' motion for sanctions ("Pls.' Rule 37 Mot."). Defendant has also filed a motion to strike the affidavit of Beth I. Anderson. Anderson's affidavit is attached to Plaintiffs' reply brief in support of their motion for Rule 56(f) relief.

II.  Background

This case arises from a fire that allegedly occurred on February 24, 2005 in a 1997 Ford Escort owned by Linda Farther. (Compl. ¶¶ 8, 10.) At the time of the fire, the car was parked inside a building owned by Plaintiffs. (*Id*. ¶ 10.) Plaintiffs allege that the fire occurred because Defendant negligently designed, manufactured, and sold the car. (*Id*. ¶ 11.) Plaintiffs brought this diversity action against Defendant on December 12, 2008, alleging that the fire caused

1

damage to Plaintiffs' real, personal, and business property. (*Id.* ¶ 12.)

On February 13, 2009, this court entered a case management order that provided the following: initial disclosures were due on March 31, 2009, fact discovery would be closed by November 30, 2009, dispositive motions were due by January 15, 2010, Plaintiffs' expert disclosures under Federal Rule of Civil Procedure 26(a)(2) were due by December 31, 2009, Plaintiffs' expert was to be deposed by January 31, 2010, Defendant's expert disclosure was due by February 28, 2010, and Defendant's expert was to be deposed by March 31, 2010. (Crt. Doc. 14.)

Following the entry of the case management order, the parties engaged in discovery. Around March 31, 2009, Defendant provided its Rule 26(a)(1) initial disclosures. (Pls.' Rule 56(f) Mot. 2.) On or about April 17, 2009, Defendant provided its answers to Plaintiffs' interrogatories and requests for production. (Pls.' 56(f) Mot. Ex. C.) The discovery requests, and Defendant's respective answers, relevant to this opinion are as follows:

> **Interrogatory 5**: State the following: (a) The name, address, and position in the company of the individual responsible for the design of the 1997 Ford Escort LX, specifically with regard to the placement and location of the integrated air bag module ("IABM") and/or air bag control module ("ACM").
>
> **Defendant's response to Interrogatory 5**: There is no one person most knowledgeable with respect to the design of the 1997 Ford Escort. Complete information regarding this area of inquiry could require input from numerous sources. Ford will exercise its right to choose appropriate corporate representative(s) in response to proper deposition notices that designate specific areas of inquiry. . . . Ford refers Plaintiff[s] to the engineering drawings and specifications that Ford has agreed to produce with its Initial Disclosures. These drawings and specifications will reflect the system's design, and will identify system components with any suppliers or sub-suppliers, as well as identify the release engineer.
>
> **Interrogatory 10**: Provide the name, address, and employer of each fact and opinion witness who Ford expects to testify at trial.

2

**Defendant's response to Interrogatory 10**: Ford has not yet determined whom it will call as witnesses at trial of this matter. Further answering, Ford will comply with an applicable scheduling order calling for the identification of witnesses.

**Document Request (h)**: Any and all any [*sic*] documentation, including e-mails, electronic documentation and meta data relating to the design and manufacture of the 1997 model Ford Escort LX, specifically with regard to the design and manufacture of the [IABM] and [ACM] of the subject vehicle. Including:
1. The brand name, manufacturer, and model number of the subject IABM and ACM.
2. The brand name, manufacturer, and model number of the subject IABM and ACM.[1]
3. Any changes in the design or manufacture of the Ford Escort LX from the 1997 model in Ford Escort LX's produced between 1998-2001, specifically, also, with regard to the IABM and ACM.
4. Any documents regarding testing of the 1997 model Ford Escort LX vehicle, including, but not limited to, crash testing, power flow testing, or any other testing performed on the subject model vehicle.
5. Any documents regarding product research and development concerning the Ford Escort LX vehicle, model years 1995-97, also specifically with regard to the IABM and ACM.

**Defendant's response to Request (h)**: Ford refers Plaintiff[s] to the engineering drawings and specifications that Ford has agreed to produce with its Initial Disclosures. These drawings and specifications will reflect the system's design, and will identify system components with any suppliers or sub-suppliers, as well as identify the release engineer. Such documents will also identify any testing required by Ford for the system components. Additional component inspection(s) and/or testing may be conducted by the Ford direct supplier. Changes to the design of the components depicted in the drawings will be noted in the change blocks for these drawings. If, after review of the change blocks, Plaintiff[s] specif[y] particular changes for which he desires information, Ford will search for and produce, if available, the corresponding change notice.

**Document Request (*l*)**: Complete, unedited and unabridged copies of any notices regarding the 1997 model Ford Escort LX vehicle, including but not limited to recall notices regarding IABM and/or ACM, including those stored electronically.

**Defendant's response to Request (*l*)**: Ford will produce a list of recalls. Plaintiffs are free to choose from the list those recalls of which it would like copies, and Ford will produce the requested items. This information is also available online at

---

[1]Presumably, Plaintiffs accidentally duplicated number one.

www.nhtsa.gov.

**Document Request (o)**: Any and all recall notices, warnings or service bulletins with regard to the cause of the subject fire as stated in the complaint in the subject 1997 Ford Escort LX or the same cause of fire of any other Ford vehicle between 2000 and 2006, whether documents or stored electronically.

**Defendant's response to Request (o)**: Ford will produce a list of recalls and technical service bulletins ("TSBs"). Plaintiffs are free to choose from the list those recalls and/or TSBs of which it would like copies, and Ford will produce the requested items. This information is also available online at www.nhtsa.gov.

(*Id*.) Apparently, after responding to Plaintiffs' requests for production, Defendant did not produce some documents referred to in its initial disclosures, including copies of recall notices, warnings, or TSBs. (Pls.' Rule 56(f) Mot. 3.)

Plaintiffs assert that after Defendant served its answers to the requests to produce, Plaintiffs' counsel and Defendant's counsel "had several telephone and in-person conversations pursuant to Rule 37 concerning the status of Ford producing the documents identified by Ford in its initial disclosures and requested by [P]laintiffs in their discovery requests." (*Id*. at 3–4.) Plaintiffs further assert, "Counsel for [P]laintiffs specifically recalls having one such conversation following the deposition of Darrell Roum, taken on July 27, 2009, at which time counsel for Ford indicated that he would look into the status of producing said documentation." (*Id*. at 4.) Plaintiffs contend that a second conversation was held on August 19, 2009 regarding the production of the requested documents. (Pls.' Reply to Rule 56(f) Mot. 3.)

Defendant disagrees that any conversations were held between counsel for the parties in July or August 2009 regarding the document production. (Def.'s Resp. to Rule 56(f) Mot. 3–4.) Defendant has submitted to the court emails between Defendant's and Plaintiffs' attorneys dated July 27, July 29, August 20, and August 30. (*Id*. Ex. 6.) The conversations in those emails

4

regard discovery matters such as impending depositions, but they do not mention any outstanding documents. (*Id.*) Plaintiffs assert that their attorney "simply failed to memorialize [in those emails] his request that Ford produce documents identified in its initial disclosures that were previously requested by [P]laintiffs." (Pls.' Reply to Rule 56(f) Mot. 3.)

On August 19, 2009, the parties appeared before this court for a discovery hearing. On October 1, 2009, the parties held a settlement conference with the court. At neither of these meetings did Plaintiffs bring a motion to compel the outstanding documents or otherwise tell the court that there were documents outstanding from Defendant.

On November 11, 2009, Plaintiffs filed a motion to strike supplemental interrogatories propounded by Defendant. The motion did not address outstanding documents. That motion was presented on December 2, 2009, two days after fact discovery closed in this case. At the presentment hearing, all the parties acknowledged that fact discovery closed on November 30. Plaintiffs did not bring the issue of outstanding documents to the court's attention at that hearing.

Plaintiffs disclosed their expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) on December 31, 2009. On January 25, 2010, Defendant supplemented its rule 26(a)(1) initial disclosures by, among other things, identifying Jim Engle as a Ford employee with knowledge regarding a recall campaign relevant to the vehicle at issue. On January 26, 2010, Plaintiffs' attorney spoke with Defendant's attorney and requested that Defendant produce documents described in Defendant's initial disclosure and supplemental initial disclosure. (Pls.' Rule 56(f) Mot. Ex. E.) Plaintiffs' attorney memorialized that discussion in an email sent to Defendant's attorney that same day. (*Id.*)

On February 3, 2010, Defendant presented a motion to adjust the case management order.

5

At the February 3 hearing, Defendant's attorney stated that Defendant "owed [Plaintiffs] some documentation," and represented that it was going to get that documentation to Plaintiffs. The court adjusted the schedule to the following: Plaintiffs' expert witnesses were to be deposed by March 3, 2010, Defendant was to make its Rule 26(a)(2) disclosures by April 2, 2010, and dispositive motions were due by April 21, 2010. (Crt. Doc. 46.)

On February 17, 2010, Defendant sent its document production to Plaintiffs' attorney's office in St. Charles, Illinois. (Def.'s Resp. to Rule 56(f) Mot. 6.) The document production arrived at Plaintiffs' attorney's office on February 18, 2010. (Pls.' Rule 56(f) Mot. 5.) However, Plaintiffs' counsel was in Chicago on that date for the deposition of Plaintiffs' expert, Beth Anderson. (Pls.' Reply to Rule 56(f) Mot. 6.) Although Plaintiffs did not have any of the requested documentation in hand, Plaintiffs did not seek a continuation of the deposition and Anderson's deposition proceeded as scheduled.

The parties reconvened in court on April 23, 2010, at which time Defendant presented a motion for summary judgment. Plaintiffs' counsel indicated at that time that an affidavit under Federal Rule of Civil Procedure 56(f) was forthcoming, and the court continued the motion for summary judgment until May 19, 2010. On May 19, Plaintiffs presented a motion for relief under Rule 56(f), and a motion for sanctions under Rule 37. At the hearing, the court granted Plaintiffs leave to take the deposition of Jim Engle. Subsequent to the hearing, the parties briefed the motions. Attached to Plaintiffs' reply in support of their motion for relief under Rule 56(f) is an affidavit submitted by Beth Anderson. Defendant has filed a motion to strike Anderson's affidavit.

III. Plaintiffs' Motion for Relief Under Rule 56(f) and Defendant's Motion to Strike Anderson's Affidavit

Plaintiffs' Rule 56(f) affidavit states that they need the following to respond to Defendant's motion for summary judgment:

- Defendant to fully comply with plaintiffs' requests for production of documents, specifically with regard to requests (h), (*l*), and (o).
- Defendant to identify the "release engineer" purportedly identified in the engineering drawings.
- Plaintiffs to take the deposition of the "release engineer."
- Plaintiffs to take the deposition(s) of other fact witnesses whose identity(ies) may become known from Ford's production of documentation or from deposition of the "release engineer" with knowledge of Ford's design and manufacture of the subject vehicle.
- Supplemental rule 26(a)(2) disclosures by plaintiffs to amend or add expert opinions.
- Ford to provide any and all documentation concerning recalls as identified in its initial disclosures, including but not limited to: "Ford's Mail History Detail for the Safety Recall applicable to the subject 1997 Ford Escort."
- Plaintiffs to take the deposition(s) of other fact witnesses whose identify(ies) may become known from Ford's production of documentation or from the deposition of Jim Engle with knowledge of Ford's recall campaign and programs related to the subject vehicle.

(Pls.' Rule 56(f) Mot. Ex. H.)[2]

After a discovery schedule is in place, a court will normally modify the fact discovery cutoff only for good cause. *Fed. R. Civ. P.* 16(b)(4). Furthermore, the court must limit discovery otherwise allowed if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *Fed. R. Civ. P.* 26(b)(C)(ii).

After a motion for summery judgment has been filed, the opposing party can seek relief under Rule 56(f). Rule 56(f) states the following:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion [for summary judgment]; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be

---

[2]Plaintiffs' affidavit also seeks to take the deposition of Jim Engle. That portion of Plaintiffs' Rule 56(f) motion seeking to compel the deposition of Engle is moot.

7

undertaken; or (3) issue any other just order.

*Fed. R. Civ. P.* 56(f). "A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *Kalis v. Colgate-Palmolive Co. et al.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (internal quotations omitted). A request for a continuance must "clearly set out the justification for the continuance." *Id*. "When a party fails to secure discoverable evidence due to his own lack of diligence, the necessary justification is lacking[.]" *Id*.

Plaintiffs suggest that when analyzing whether to grant a continuance under Rule 56(f), the court should consider five factors: (1) authoritativeness; (2) timeliness; (3) good cause; (4) utility; and (5) materiality. (Pls.' Rule 56(f) Mot. 9.) Plaintiffs cite *Pacific Employers Ins. Co. et al. v. Clean Harbors Envtl. Servs., Inc. et al.*, No. 08-C2180, 2009 WL 3617021, 2009 U.S. Dist. LEXIS 101565, at *7 (N.D. Ill. Oct. 29, 2009) (Darrah, J.), as authority for the use of these five factors. Judge Darrah recognized in *Pacific Employers* that "the Seventh Circuit has not openly adopted the five criteria approach[.]" *Id*. at *9. The Seventh Circuit briefly discussed the five criteria approach in regard to a Rule 56(f) affidavit in only one case. *See Farmer v. Brennan et al.*, 81 F.3d 1444, 1450 (7th Cir. 1996) (noting that the First Circuit used the five criteria test and granted a plaintiff's motion for relief under Rule 56(f) where "the facts needed to oppose a motion for summary judgment were in the exclusive control of the defendant and that the incompleteness of discovery was the defendant's fault"). The Seventh Circuit also once noted that when "a district court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality." *CSC Holdings, Inc. v. Redisi, Sr. et al.*, 309

8

F.3d 988, 993 (7th Cir. 2002).[3]

In this case, a detailed analysis using the five criteria suggested by Plaintiffs is unnecessary. Plaintiffs simply have not demonstrated diligence in seeking the discovery that they purport to need. Fact discovery closed on November 30, 2009. Plaintiffs did not address with the court the outstanding documents prior to the fact discovery cutoff date. They were in front of the magistrate judge just two days later, on December 2, presenting an unrelated discovery motion and they failed to address the outstanding documents at that time as well. Plaintiffs state that they made a verbal request for the documents from Defendant on July 27 and August 19, 2009. Assuming that this is true, and Defendant contends that it is not, the next request that Plaintiffs made for the documents occurred on January 26, 2010: over five months after the August 19 request and almost two months after the fact discovery cutoff date.

Plaintiffs made their expert disclosures on December 31, 2009, a month after fact discovery closed, without requesting the documents or seeking court intervention regarding the documents. Plaintiffs' expert was deposed on February 18, 2010. Although Plaintiffs still had not received the documents, they proceeded with expert discovery without seeking court intervention.

Plaintiffs should have begun memorializing requests for the needed documents long ago. They should have made the court aware that discovery remained uncompleted before the discovery cutoff date. They certainly should have addressed the issue of outstanding discovery with the court prior to the dispositive motion due date in this case. Plaintiffs had ample opportunity to pursue intervention regarding the outstanding discovery, and did not. For these

---

[3]Interestingly, in *CSC Holdings*, the appeals court dropped the "authoritativeness" factor.

reasons, Plaintiffs have not offered a sufficient justification for more discovery under Rule 56(f), and good cause does not exist to modify the fact discovery cutoff date set by the court.

That said, Plaintiffs did receive some documentation subsequent to the disclosure of Anderson's expert report and the deposition of Anderson. It appears as though Anderson has now reviewed that material and may be able to offer a supplemental expert opinion on matters in this case related to the motion for summary judgment.

Plaintiffs' motion for relief under Rule 56(f) is granted in part. Plaintiffs have until August 16, 2010 to submit a supplement to Anderson's expert disclosure. That supplement must be based on the documents produced by Defendant on February 18, 2010. Defendant may depose Anderson on the supplemental material by September 6, 2010. Plaintiffs' response to Defendant's motion for summary judgment is due October 6, 2010, and Defendant's reply in support of its motion for summary judgment is due October 20, 2010. Defendant's motion to strike Anderson's affidavit is mooted by this order.

## IV. Plaintiffs' Rule 37 Motion for Sanctions

Plaintiffs' Rule 37 motion largely mirrors their Rule 56(f) motion. Plaintiffs argue that Defendant failed to produce documents responsive to their written discovery, including Interrogatories 5 and 10, and Document Requests (h), (*l*), and (o). Plaintiffs also argue that Defendant made an untimely supplement to their Rule 26(a)(1) disclosures when it disclosed Engle as a fact witness. Plaintiffs assert that these actions warrant sanctions, including the following:

- the entry of a default judgment against Ford in favor of plaintiffs;
- directing that the fact of Ford's negligence in the design and manufacture of the IABM in the subject vehicle be taken as established;
- striking Ford's affirmative defense for contributory negligence as it relates to the alleged failure of plaintiffs to ascertain the recall and have the recall work performed on the subject vehicle;
- prohibiting Ford from introducing evidence as to plaintiffs' alleged contributory negligence as it relates to the recall issued by Ford for the subject vehicle; or
- staying further proceedings until such time as discovery may be undertaken as

> requested in plaintiffs' Rule 56(f) motion, or such other sanction as this Court deems fair and just under the circumstances;

(Pls.' Rule 37 Mot. 9.)

Rule 37(a) authorizes a party to move for an order compelling disclosure or discovery. *Fed. R. Civ. P.* 37(a)(1). Such a motion can be brought for an order compelling a disclosure under Rule 26(a), or for an order compelling an answer, designation, production, or inspection under Rules 30, 31, 33, or 34. *Fed. R. Civ. P.* 37(a)(3)(A) & (B). If a party "fails to obey an order to provide or permit discovery, including an order under . . . 37(a)," the court may sanction the failing party according to Rule 37(b)(2)(A)(i)–(vii). It is clear that a motion to compel under Rule 37(a) must precede a motion for sanctions under Rule 37(b). *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994).

Under Rule 37(c), if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P.* 37(c)(1). Instead or in addition to this sanction, the court also has the discretion, on motion and after giving an opportunity to be heard, to order sanctions available under Rule 37(b)(2)(A)(i)–(vi).

Plaintiffs never filed a Rule 37(a) motion for a court order to compel responses to interrogatories or document requests in this case. Having never filed a motion for a court order under Rule 37(a), sanctions under Rule 37(b) are not available. *See Brandt*, 30 F.3d at 756.

Sanctions under Rule 37(c) are also not appropriate under the circumstances. Defendant supplemented its initial disclosures on January 25, 2010. Part of that supplement included disclosure of Jim Engle as a fact witness. Plaintiffs argue that the supplement was untimely. However, on May 19, 2010, this court granted Plaintiffs leave to take Engle's deposition. Thus, any prejudice suffered by the disclosure of Engle as a fact witness has been alleviated.

Because Plaintiffs did not file a motion for a court order under Rule 37(a), and because the court already granted Plaintiffs leave to take the deposition of Engle, there exists no basis for sanctions under Rule 37. Plaintiffs' motion for sanctions under Rule 37 is denied.

V. Conclusion

Plaintiffs' motion for relief under Rule 56(f) is granted in part. Plaintiffs have until August 16, 2010 to submit a supplement to Anderson's expert disclosure. That supplement must be based on the documents produced by Defendant on February 18, 2010. Defendant may depose Anderson on the supplemental material by September 6, 2010. Plaintiffs' response to Defendant's motion for summary judgment is due October 6, 2010, and Defendant's reply in support of its motion for summary judgment is due October 20, 2010. Defendant's motion to strike Anderson's affidavit is mooted by this order. Plaintiffs' motion for sanctions is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: July 26, 2010