# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50270 | **DATE** | 3/31/2011 |
| **CASE TITLE** | Cars R Us Sales and Rentals, Inc., et al. vs. Ford Motor Company | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiffs' motion to alter or amend (Rule 59(e)) or grant relief from judgment (Rule 60(b)) is denied.

*Philip G. Reinhard*

■ [ For further details see text below.]  Electronic Notices.

## STATEMENT - OPINION

Plaintiffs, Cars R Us Sales & Rentals, Inc., Michael Beggin, and General Casualty Ins. Co. move, pursuant to Fed. R. Civ. P. 59 (e), to alter or amend the judgment entered in favor of defendant Ford Motor Company or alternatively to grant them relief from the judgment under Fed. R. Civ. P. 60 (b).

On January 19, 2011, the court entered an order granting defendant's motion for summary judgment. The court found the opinion of plaintiffs' expert (contained in her supplemental report) that defendant's design was negligent was not sufficiently supported to meet the Daubert standard for admission of expert testimony and, therefore, plaintiffs failed to establish defendant knew or should have known the chosen design was unreasonably dangerous. Plaintiffs now argue it was improper for the court to consider defendant's arguments concerning the expert's supplemental report because those arguments were first raised in the reply brief and plaintiffs had no opportunity to refute them.

After deposing plaintiffs' expert, defendant moved for summary judgment. Plaintiffs then sought leave to file a supplemental expert report. Leave was granted. Plaintiffs' response to the summary judgment motion then relied on this supplemental report to make their case defendant was negligent. In its reply, defendant argued the supplemental report was insufficient to meet Daubert and that plaintiffs did not meet their burden of presenting evidence establishing defendant's negligence. Plaintiffs never asked leave to file a surreply to address the arguments in the reply.

While it is generally true that arguments first raised in a reply brief are waived, Wright v. United States, 139 F.3d 551, 553 (7th Cir. 1998), here defendant was addressing evidence and arguments first raised by plaintiffs in their response. At the time defendant filed its opening brief, the only expert opinion in the record was plaintiffs' expert's deposition testimony. The supplemental opinion was not put in the record until plaintiffs filed their response to summary judgment. Under this scenario, defendant's using the reply to challenge the supplemental opinion was reasonable. Plaintiff had ample time to seek leave to file a surreply to address defendant's attack on the supplemental report but did not do so. This is not a case of defendant sandbagging arguments until the reply. Defendant raised the arguments at its first opportunity. Plaintiffs'

| STATEMENT - OPINION |
|---|

challenge to these arguments on this basis fails.

In any event, plaintiffs argue in the post-judgment motion that the expert's report established an industry standard of care because the Mazda specifications, which specified watertight connectors and/or grease packs for certain electrical connections are evidence of what both Mazda and Ford knew and did to avoid problems of arcing at the time of design and manufacture. However, nothing in the supplemental report indicates Ford, Mazda or any other manufacturer used watertight connectors and grease packs in IABM design and manufacture. The supplemental report merely notes that "watertight connectors do exist in automobiles." The supplemental report does not establish an industry standard of care for IABM design and manufacture.

Plaintiffs also argue the evidence shows defendant knew or should have known the IABM design was a dangerous condition. They cite the deposition testimony of Ford engineer James Engle who testified that an electrical system not protected from moisture intrusion may be a fire risk. However, Engle also testified that all Ford vehicles had been built with similar specifications to those used in the Escort and had never experienced a water intrusion issue with the airbag monitor. The 1997 Escort was the first time the problem arose. The supplemental report does not show why defendant should have known, particularly in light of its history with other vehicle designs, that this design was unreasonably dangerous.

Plaintiffs contend the supplemental report establishes that the positioning of the IABM beneath the air conditioner evaporator core housing and heater core housing was negligent. However, the court addressed and rejected this argument in its prior order because there was no indication that responsible engineers at the time thought this was a considerable hazard. See Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1031 (7th Cir.1997).

For the foregoing reasons, plaintiffs' motion to alter or amend (Rule 59(e)) or grant relief from judgment (Rule 60(b)) is denied.